# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CHARLES WYNOTT,           )
                          )
    Plaintiff,            )  **Case No.:**
                          )
  v.                      )  **COMPLAINT AND DEMAND FOR**
                          )  **JURY TRIAL**
EOS CCA,                  )
                          )  **(Unlawful Debt Collection Practices)**
                          )
    Defendant             )

CHARLES WYNOTT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant has its principal office and conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Portland, Maine 04103.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

12. Beginning in June 2012, and continuing through July 2012, Defendant repeatedly and continuously contacted Plaintiff on his home telephone

in its attempts to collect a consumer debt.

13. Defendant contacted Plaintiff, on average, one (1) to two (2) times a day.

14. Plaintiff knew it was Defendant calling, as he would answer the phone and receive an automated message identifying itself as "EOS CCA," and in those instances when it left a message, Defendant identified itself as "EOS CCA."

15. The collection calls, however, were not for Plaintiff, but rather another individual identified as "Kyle Lund."

16. Plaintiff is not "Kyle Lund" and does not know a "Kyle Lund."

17. On multiple occasions, when Plaintiff answered the phone and followed the prompts to notify Defendant that it was calling the wrong person.

18. Each time, however, Defendant never updated its records to remove Plaintiff's phone number from its call logs.

19. Moreover, Defendant did not possess any information to contradict Plaintiff's notification that he was not "Kyle Lund."

20. Nevertheless, Defendant persisted in calling Plaintiff about a debt of another person.

21. Further, on more than one occasion, Plaintiff called the number that Defendant left on his home answering machine in order stop the calls, but each time, he is greeted with an automated message, instructed to follow prompts to

notify Defendant that it was calling him in error, and when he did so, he continued to receive calls for another person.

22. Most recently, Defendant called Plaintiff on July 17, 2013.

23. In addition, when contacting Plaintiff, Defendant would call him at times when it was inconvenient for him to receive collection calls.

24. Specifically, Defendant contacted him after 9:00 p.m. on several weekends, which is a per se inconvenient time to receive collection calls.

25. Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing, knowing Plaintiff was not the correct person it sought.

26. By continuously calling over a debt he did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which as the natural consequences of harassing the recipient.

27. Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, that the number it was calling belonged to Plaintiff and/or was associated with Plaintiff's home address.

28. The repetitive calls to Plaintiff were harassing, aggravating and highly intrusive.

29. Plaintiff has spent time and effort dealing with these calls and trying to stop the collection calls to him for another person.

30. On July 30, 2012, Defendant sent correspondence to the undersigned

acknowledging that it had been contacting Plaintiff for another person's debt. See Exhibit A, Defendant's July 30, 2013, letter.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a.    Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b.    Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person.

### COUNT II

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a.    A debt collector violates §1692c(a)(1) of the FDCPA by

      communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient, and shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m.

  b.  Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m. and continuing to call Plaintiff after it knew it was calling the wrong person.

## COUNT III

33.  Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

  a.  Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

  b.  Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

  c.  Here, Defendant violated §§1692d and 1692d(5) of the FDCPA

when it called Plaintiff multiple times a day and on numerous days a week about another person's debt.

## COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f of the FDCPA.

    a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDPCA by failing to update its records to avoid the further harassment of Plaintiff.

WHEREFORE, Plaintiff, CHARLES WYNOTT, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHARLES WYNOTT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/03/2013                KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
   CRAIG THOR KIMMEL
   BBO# 662924
   Kimmel & Silverman, P.C.
   30 E. Butler Pike
   Ambler, PA 19002
   Phone: (215) 540-8888 ext. 148
   Fax: (877) 788-2864
   Email: kimmel@creditlaw.com